**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MATEEN KARIMIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>LUMINAR TECHNOLOGIES, INC., AUSTIN RUSSELL, and TOM FENNIMORE,<br><br>     Defendants. | Case No: 6:25-cv-01384-CEM-NWH<br><br>Judge: Carlos E. Mendoza |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**MATEEN KARIMIAN FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Mateen Karimian ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing the Movant as Lead Plaintiff for the Class of all purchasers or acquirers of securities of Luminar Technologies, Inc. ("Luminar" or the "Company") between March 20, 2025 and May 14, 2025, inclusive (the "Class Period"); and

(b)     approving Movant's selection of Shamis & Gentile, P.A. and

Edelsberg Law, P.A. as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This securities fraud class action was commenced on July 24, 2025 against defendants Luminar, Austin Russell, and Tom Fennimore (collectively, "Defendants") asserting violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. That same day, on July 24, 2025, a PSLRA early notice was issued advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Andrew Shamis, filed herewith ("Shamis Decl."), Ex. 1.

Headquartered in Orlando, Florida, Luminar is a technology company specializing in advanced Light Detection and Ranging ("LiDAR") hardware and software solutions for vehicles.  The Company was founded in 2012 by Defendant Austin Russell ("Russell") while he was still in high school. Defendant Russell went on to briefly attend Stanford University before winning the prestigious Thiel Fellowship, which allowed him the means to drop out of school and focus on developing Luminar. Over the next few years, Defendant Russell worked in secret to self-engineer and manufacture the Company's LiDAR components. In 2020, the Company went public on the NASDAQ stock exchange under the ticker symbol "LAZR". Thereafter, Defendant Russell became the Company's Chief Executive

2

Officer and Chairman of the Board.

Throughout the Class Period, Defendants are alleged to have made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants failed to disclose: (1) Russell, Luminar's President, CEO, and Chairman of the Board, was engaged in undisclosed conduct that would make him the subject of an inquiry by the Audit Committee of the Board of Directors; (2) this conduct created material risk that Russell would be released from his positions at the Company; (3) Luminar's loss of Russell as an employee would then create material risk of adversely affecting the Company's business by making it more difficult to, compete with other market participants, manage R&D activities, and retain existing customers or cultivate new ones. Further, negative public perception and negative news related to Russell could also adversely affect Luminar's brand, relationships with customers, or standing in the industry; (4) accordingly, Luminar had no reasonable basis to provide and/or maintain the Company's financial guidance; and (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

Then, on May 14, 2025, approximately 30 minutes after Luminar issued its first quarter 2025 financial results, the Company issued a press release announcing that Russell had resigned, "effective immediately, following a Code of Business

3

Conduct and Ethics inquiry by the Audit Committee of the Board of Directors." On the following day, investment analysts at J.P. Morgan issued a report downgrading Luminar stock. The report stated, among other things, Russell's "leadership in technology and his industry reputation were central to the bull thesis for the company."

On this news, the price of Luminar common stock fell $0.80 per share, to a closing price of $3.96 per share on May 14, 2025 (the next trading day), a decline of approximately 16.80%.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in market value of the Company's common stock when the truth was disclosed, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. *See* 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

4

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

## A.  Movant's Motion is Timely

On July 24, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, a notice was published announcing that a securities class action had been filed against Luminar and certain of its officers, and advising purchasers of Luminar securities that they had until September  22, 2025 to file a motion to be appointed as lead plaintiff. *See* Shamis Decl., Ex. 1.

Movant files the instant motion and submits herewith Movant's sworn certification attesting that he is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Shamis Decl., Ex. 2. Movant therefore satisfies the first PSLRA requirement that a putative lead

plaintiff either file a complaint or make a  motion in response to a published notice.

**B.   Movant Has The Largest Financial Interest in the Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See, e.g., See Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc., 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007).*

Movant lost approximately $2,560 in connection with purchases of Luminar common stock. *See* Shamis Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in Luminar  securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.  Movant Satisfies the Requirements of**
**Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is

so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a]ll that is required at this stage of litigation is a preliminary showing of typicality and adequacy." *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *See also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.,* Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008); *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members, as a result of the same conduct by the defendants. *Robidoux v. Celani,* 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998).

The purpose of the typicality requirement is to ensure that the interest of the named representative aligns with the interests of the class. *Weinberger v. Thornton,*

114 F.R.D. 599, 603 (S.D.Cal.1986). Additionally, Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 & n.14 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "same essential characteristics of the claims" as the class).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Luminar. Movant, like all members of the Class, purchased Luminar common stock at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members, and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party does not have any conflicts of interest with the rest of the class, and will vigorously prosecute the action on behalf of the class. *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003).

Here, Movant has communicated with competent, experienced counsel

concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D.    Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against them that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See Weltz*, 199 F.R.D. 129, at 133.

Further, Movant has several years of investing experience and is the co-founder and chief financial officer of an AI start-up company.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II)(aa).

Movant has selected Shamis & Gentile, P.A. and Edelsberg Law, P.A. as Co-Lead Counsel. Proposed Co-Lead Counsel prepared and filed the operative complaint in the Action, as well as filed the PSLRA notice. *See* Action, Dkt. No. 1; Shamis Decl., Ex. 1.  Both firms are experienced in the area of class actions and have successfully prosecuted complex litigation and other class action litigations against public companies on behalf of thousands of class members. *See* Shamis Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

10

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing the Movant as Lead Plaintiff of the Class; (b) approving Shamis & Gentile, P.A. and Edelsberg Law, P.A. as Co-Lead for the Class; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: September 22, 2025

Respectfully submitted,

**Shamis & Gentile, P.A.**
By: */s/ Andrew Shamis*
Andrew J. Shamis (FL Bar No. 101754)
David P. Abel (*pro hac vice* forthcoming)
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915
Email: ashamis@shamisgentile.com
Email: dabel@shamisgentile.com

**Edelsberg Law, P.A.**
Scott Edeslberg (FL Bar No. 100537)
Gabriel Mandler (FL Bar No. 1002499)
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: (786) 289-9471
Fax: (786) 623-0915
Email: scott@edelsberglaw.com
Email: gabriel@edelsberglaw.com

*[Proposed]Co- Lead Counsel*
*for Movant And the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrew J. Shamis*
Andrew J. Shamis