**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MARIGLEN YSKOLLARI, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>LUMINAR TECHNOLOGIES, INC., AUSTIN RUSSELL, and TOM FENNIMORE,<br><br>　　　　　　　　　Defendants. | **Case No. 6:25-cv-01384-CEM-NWH**<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOVANT DONG PAN TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u> |

1

## MOTION

Dong Pan ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law and the Declaration of Laurence Rosen, dated September 22, 2025.

### Local Rule 3.01(g) Certification

Local Rule 3.01(g) requires a conference of counsel prior to filing many motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons may move for appointment as lead plaintiff or oppose Movant's motion as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 3.01(g) be waived.

2

## MEMORANDUM OF LAW

Dong Pan ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     appointing Movant as Lead Plaintiff for the class of persons and entities that purchased or otherwise acquired the securities of Luminar Technologies, Inc. ("Luminar" or the "Company") between March 20, 2025 and May 14, 2025, inclusive (the "Class Period");

(2)     approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On July 23, 2025, this case was filed alleging violations under the Exchange Act against the Company, Austin Russell, and Tom Fennimore (collectively "Defendants").[1] On July 24, 2025, an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and

---

[1] On July 24, 2025, a corrected complaint was filed. *See* Dkt. Nos. 4 and 5.

3

claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. See Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Luminar purports to be a technology company specializing in advanced LiDAR hardware and software solutions for vehicles. "Light Detection and Ranging" technology or "LiDAR" is a remote sensing technology that uses laser light to measure distances and create detailed 3D models of the environment. LiDAR has many applications including helping automobiles and their drivers sense and understand surroundings.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Luminar's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendant Russell was engaged in undisclosed conduct that would make him the subject of an inquiry by the Audit Committee of the Board of Directors; (2) this conduct created material risk that Defendant Russell would be released from his positions at the Company; (3) Luminar's loss of Defendant Russell as an employee would then create material risk of adversely affecting the Company's business by

4

making it more difficult to, compete with other market participants, manage R&D activities, and retain existing customers or cultivate new ones. Further, negative public perception and negative news related to Defendant Russell could also adversely affect Luminar's brand, relationships with customers, or standing in the industry; (4) accordingly, Luminar had no reasonable basis to provide and/or maintain the Company's financial guidance; and (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

Then May 14, 2025, after the market close, and approximately 30 minutes after Luminar issued the 1Q25 Press Release, the Company issued a second press release announcing that Defendant Russell had resigned as President and CEO of the Company and as the Chairman of the Board, "effective immediately, following a Code of Business Conduct and Ethics inquiry by the Audit Committee of the Board of Directors." On May 15, 2025, investment analysts at J.P. Morgan issued a report downgrading Luminar stock from Overweight to Neutral.

On this news, Luminar's stock price fell $0.80 per share, or 16.8%, to close at $3.96 per share on May 15, 2025.

5

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class

7

period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $25,046 in connection with his purchases of Luminar securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party

may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512,

9

516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Luminar's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial

10

financial losses from investments in Luminar securities and is therefore, extremely motivated to pursue claims in this action.

### D.    Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the

class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

Further, Movant lives in New York and has approximately a decade of investing experience and he holds an PhD is physics.

## III.        MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Furthermore,

Rosen Law is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 22, 2025    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/Laurence M. Rosen
Laurence M. Rosen, Esq.,
Fla. Bar No. 0182877
275 Madison Avenue, 40th Floor

13

New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff and Class*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Laurence M. Rosen</u>
Laurence M. Rosen