UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| MARIGLEN YSKOLLARI, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>LUMINAR TECHNOLOGIES, INC., AUSTIN RUSSELL, and TOM FENNIMORE,<br><br>       Defendants. | Case No.  6:25-cv-01384-CEM-NWH<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS** |

Hook Chok ("Chok") and Dong Pan ("Pan"), by and through their counsel, respectfully submit this Memorandum of Law in support of their Stipulation Appointing Co-Lead Plaintiffs and Approving Selection of Co-Lead Counsel (the "Stipulation") (Dkt. No. 33), pursuant to this Court's October 10, 2025.  Dkt. 36.  This Memorandum is supported by Chok and Pan's Joint Declaration in further support of their Stipulation ("Joint Decl.").

## MEMORANDUM OF LAW

### I.    PRELIMINARY STATEMENT

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the court is to appoint as Lead Plaintiff the "person or **group** of persons" that possesses the largest financial interest in the outcome of the

above-captioned action (the "Action") and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).  Courts in the Eleventh Circuit and around the country regularly appoint groups of Co-Lead Plaintiffs and approve selections of Co-Lead Counsel in securities class actions, particularly when, as here, the group of proposed Co-Lead Plaintiffs is small, cohesive, and has submitted a joint declaration attesting to these facts.

Likewise, courts regularly appoint two law firms to serve as co-lead counsel in PSLRA actions.  Here, to fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Chok and Pan have selected Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law") as their proposed Co-Lead Counsel and Miller Shah LLP ("Miller Shah") as proposed Liaison Counsel for the Class.  These firms and their attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.  Moreover, as discussed in greater detail below, these two firms specifically have a strong track record of working together as co-lead counsel in prior securities litigations.

Accordingly, Chok and Pan respectfully request that the Court enter an Order appointing Chok and Pan as Co-Lead Plaintiffs for the Class and

2

approving their selection of Pomerantz and Rosen Law as Co-Lead Counsel and Miller Shah as Liaison Counsel for the Class.

## II.    ARGUMENT

### A.    CHOK AND PAN'S APPOINTMENT AS CO-LEAD PLAINTIFFS FOR THE CLASS IS APPROPRIATE

Chok and Pan should be appointed Co-Lead Plaintiffs for the Class because, as a small, cohesive group of movants, Chok and Pan comprise precisely the type of investor group that courts regularly find to be adequate representatives under Rule 23 and appoint as co-lead plaintiffs pursuant to the PSLRA.

The PSLA expressly permits courts to appoint a "person or ***group of persons***" as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class[.]" (Emphases added.)).  In *China Agritech, Inc. v. Resh*, the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups[.]"  584 U.S. 732, 742 n.3 (2018).  More recently, the Ninth Circuit Court of Appeals similarly held that "[t]he [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff.  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  Courts in the Eleventh Circuit have reached the same conclusion.

*See, e.g.*, *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503 (S.D. Fla. 2002) (collecting cases in the Eleventh Circuit and finding it is "not . . . appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff"); *Eastwood Enters. v. Farha*, No. 8:07-CV-1940-T-24MSS, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) (finding "[d]istrict courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff"); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff."). Such a policy is eminently reasonable. If only one Lead Plaintiff were allowed, there would be a substantial risk that if the Lead Plaintiff might for some reason decide to no longer pursue the litigation or otherwise be disqualified as a class representative, the putative class would be bereft of a leader, triggering delay or possible termination of the Action.

Courts in this Circuit routinely find movant groups to be adequate class representatives under Rule 23 where, as here, they constitute a small and cohesive group of likeminded investors. *Newman*, 209 F.R.D. at 503–04, 506 (finding that "[t]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves", and appointing group of three individuals and two banking

4

entities as lead plaintiffs); *Kornfield v. Opteum Inc.*, No. 07-14278-CIV, 2008 WL 11408525, at *2, *7 (S.D. Fla. Sept. 29, 2008) (appointing group of three as lead plaintiffs); *Eastwood*, 2008 WL 687351, at *1 n.2, *4 (appointing group of five as lead plaintiff).  Here, as group comprised of only two members, Chok and Pan are smaller than the investor groups respectively appointed as co-lead plaintiffs in *Kornfield*, 2008 WL 11408525 at *2, *7 (appointing three-member group), *Eastwood*, 2008 WL 687351, at *1 n.2, *4 (five members), and *Newman*, 209 F.R.D. at 503–04, 506 (five members).

Further demonstrating their adequacy, Chok and Pan have submitted a detailed Joint Declaration in which they:

- Provide detailed information about themselves, including their educational and professional backgrounds, cities and states of residence, ages, and investment experience (Joint Decl. ¶¶ 2–3);

- Explain their reasons for seeking appointment jointly as co-lead plaintiffs (*id.* ¶ 8) ("After reviewing the allegations pleaded in the complaint, reviewing the filed lead plaintiff motions, and consulting with our respective counsel, we each independently and collectively determined to seek joint appointment as Co-Lead Plaintiffs and approval of our selection of counsel of Pomerantz and Rosen as Co-Lead Counsel.  We have determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as Co-Lead Plaintiffs and approval of our selections of counsel."); and

- Attest in detail to their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA and their shared readiness to undertake those responsibilities (*id.* ¶¶ 4, 9–10, 12–13) ("We understand and appreciate the lead plaintiff's obligation under the PSLRA to select lead counsel and to monitor the action to ensure it is prosecuted efficiently. . . . We will communicate with our

5

counsel—and with each other separately from our attorneys—as often as necessary to ensure the vigorous and efficient prosecution of this case, as well as to discuss the progress of the litigation and the litigation strategies recommended by our counsel . . . . We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the Class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary . . . . We continue to attest to, among other things, our shared belief in our preparedness to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated.").

Courts routinely find that such declarations demonstrate the adequacy of movant groups. *See, e.g.*, *Eastwood*, 2008 WL 687351, at *3 (appointing group of five and noting joint declaration attesting to, *inter alia*, "their desire to join together" and commitment to "oversee[ing] counsel's prosecution of this action"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted declaration attesting to their readiness "to work cooperatively to serve the best interests of the class"); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

In sum, Chok and Pan are precisely the type of investor group that courts routinely appoint to serve as co-lead plaintiffs in securities class actions.

6

## B.    APPROVAL OF PROPOSED CO-LEAD COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the Class, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "The Court should interfere with lead plaintiff's selection only when necessary 'to protect the interests of the class.'"  *Mulvaney v. Geo Grp., Inc.*, No. 16-CV-81494, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 21, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").  Courts in this Circuit routinely approve class counsel structures that include co-lead counsel and liaison counsel.  *Newman*, 209 F.R.D. at 506 (appointing three firms as co-lead counsel and an additional firm as liaison counsel); *Kornfield*, 2008 WL 11408525, at *7–8 (appointing two firms as co-lead counsel and an additional firm as liaison counsel); *Eastwood*, 2008 WL 687351, at *4 (appointing two firms as co-lead counsel).

Here, Chok and Pan have selected Pomerantz and Rosen Law as Co-Lead Counsel and Miller Shah as Liaison Counsel for the Class.  These firms are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in their

7

respective firm resumes. *See* Dkt. Nos. 23-6–23-7, 25-4. Given that Luminar has retained top-tier litigation counsel, Chok and Pan respectfully submit that the Class would benefit from the combined resources and experience of Pomerantz and Rosen Law as Co-Lead Counsel and Miller Shah as Liaison Counsel in this litigation, particularly considering that the Defendants have retained a multinational law firm with extensive resources as their litigation counsel in this Action.

As further assurance that Chok and Pan's selection of Co-Lead Counsel will effectively protect the Class's interests, courts have seen fit to appoint Pomerantz and Rosen Law as Co-Lead Counsel in numerous cases. *See, e.g.*, *Beck v. Walter Investment Management Corp. et al.*, No. 1:14-cv-20880-UU (S.D. Fla.); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.); *Vataj v. Johnson et al.*, No. 4:19-cv-06996-HSG (N.D. Cal.); *In re Blue Apron Holdings, Inc. Securities Litigation*, No. 1:17-cv-04846-NGG-PK (E.D.N.Y.); *Whiteley v. Zynerba Pharmaceuticals, Inc. et al.*, No. 2:19-cv-04959-NIQA (E.D. Pa.); *Chan v. New Oriental Education & Technology Group Inc. et al.*, No. 2:16-cv-09279-KSH-CLW (D.N.J.); *Ortiz v. Canopy Growth Corp. et al.*, No. 2:19-cv-20543-MCA-MAH (D.N.J.) (Pomerantz, Rosen Law, and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel). Demonstrating their qualifications, Pomerantz and Rosen Law secured significant settlements in several of the foregoing cases, including *Pirnik*, No.

1:15-cv-07199-JMF ($110 million settlement); *Beck*, No. 1:14-cv-20880-UU ($24 million settlement); *Blue Apron*, No. 1:17-cv-04846-NGG-PK ($13.25 million settlement); *Ortiz*, No. 2:19-cv-20543-MCA-MAH ($13 million settlement); and *Vataj*, No. 4:19-cv-06996-HSG ($10 million settlement).

Miller Shah is also well-qualified to serve as Liaison Counsel for the Class in this Action.  As its firm resume reflects, Miller Shah maintains an office in Fort Lauderdale, Florida, and the firm specializes in securities class action matters, among other practice areas.  *See* Dkt. No. 23-7.  Miller Shah's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this District.

## III.  CONCLUSION

For the foregoing reasons, Chok and Pan respectfully request that the Court issue an Order: (1) granting Chok (Dkt. No. 23) and Pan's (Dkt. No. 24) respective lead plaintiff motions and appointing Chok and Pan as Co-Lead Plaintiffs in the Action and any subsequently filed or transferred actions that are consolidated with the Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and (2) approving proposed Co-Lead Plaintiffs' selections of Pomerantz and Rosen Law as Co-Lead Counsel and Miller Shah as Liaison Counsel for the Class.

Dated: October 17, 2025

Respectfully submitted,

**MILLER SHAH LLP**

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Nathan C. Zipperian*
Nathan C. Zipperian
2103 N. Commerce Parkway
Fort Lauderdale, Florida 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
nczipperian@millershah.com
*Counsel for Hook Chok and Proposed
Liaison Counsel for the Class*

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Fla. Bar No. 0182877
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com

*Counsel for Dong Pan and Proposed
Co-Lead Counsel for the Class*

**POMERANTZ LLP**
Jonathan D. Park (Lead Counsel)
(admitted *pro hac vice*)
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jpark@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com
*Counsel for Hook Chok and Proposed
Co-Lead Counsel for the Class*

**SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0483
brian@schallfirm.com

*Additional Counsel for Dong Pan*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com
*Additional Counsel for Hook Chok*

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Nathan C. Zipperian*
Nathan C. Zipperian