# EXHIBIT A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Luminar Technologies, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Gores Metropoulos, Inc. |
| | | Dawn Merger Sub, Inc. |
| | | Dawn Merger Sub II, LLC |
| | | |
| | | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 83-1804317 |

4. **Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 2603 | Discovery Drive | | | | |
| Number | Street | | Number | Street | |
| Suite 100 | | | | | |
| | | | P.O. Box | | |
| Orlando | Florida | 32826 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| Orange | | | |
|---|---|---|---|
| County | | | |
| | | Number | Street |
| | | | |
| | | City | State | ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.luminartech.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

Debtor  Luminar Technologies, Inc.  Case number (if known) 25-___ ( )
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
3363 - Motor Vehicle Parts Manufacturing

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes  District _____ When _____ Case number _____
                                    MM/ DD/ YYYY
       District _____ When _____ Case number _____
                                    MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes  Debtor     See Schedule 1           Relationship  See Schedule 1
       District   Southern District of Texas  When  December 15, 2025
                                                    MM / DD/ YYYY
       Case number, if known  _____

Debtor    Luminar Technologies, Inc.                                    Case number (if known)  25-_____ ( )
          Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

City            State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☒ | 200-999 | | | | |

**15. Estimated assets**

(on a consolidated basis with all affiliated debtors)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

Debtor **Luminar Technologies, Inc.**
Name

Case number (if known) 25-____ ( )

| 16. **Estimated liabilities** (on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  December 15, 2025
             MM/DD/YYYY

✗  /s/ Robin Chiu                                    Robin Chiu
   Signature of authorized representative of          Printed name
   debtor

   Chief Restructuring Officer
   Title

**18. Signature of attorney**

✗  /s/ Stephanie N. Morrison          Date   December 15, 2025
   Signature of attorney for debtor           MM/DD/YYYY

   Stephanie N. Morrison                       Ronit J. Berkovich
   Printed Name

   Weil, Gotshal & Manges LLP                  Weil, Gotshal & Manges LLP
   Firm Name

   700 Louisiana Street, Suite 3700            767 Fifth Avenue
   Address

   Houston, Texas 77002                        New York, New York 10153
   City/State/Zip

   (713) 546-5000                              (212) 310-8000
   Contact Phone

   stephanie.morrison@weil.com                 ronit.berkovich@weil.com
   Email Address

   24126930           Texas
   Bar Number         State

---

## **Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). A motion will be filed with the Court requesting the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Luminar Technologies, Inc.

| COMPANY |
| --- |
| LAZR Technologies, LLC |
| Luminar Technologies, Inc. |
| Luminar, LLC |

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **LUMINAR TECHNOLOGIES, INC.,** | § § | **Case No. 25-_____ ( )** |
| **Debtor.** | § § § | |

### Attachment to Voluntary Petition for
### Non-Individuals Filing for Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-38791</u>.

2.   The following financial data is the latest available information.

   a.   Total assets (as November 30, 2025)          <u>$189,472,181.20</u>

   b.   Total debts (including debts listed in 2.c., below)
         (as of November 30, 2025)                    <u>$508,210,642.89</u>

   c.   Debt securities held by more than 500 holders      <u>N/A</u>

|  |  |  |  | Approximate number of holder |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |

   d.   Number of shares of preferred stock
         (as of November 10, 2025)                                      N/A

   e.   Number of shares common stock                            77,859,074
         (as of November 10, 2025)                          outstanding shares

   Comments, if any:   _____
   _____

3.   Brief description of debtor's business:   <u>Luminar develops Light Detection and Ranging sensors, and machine perception technologies with an emphasis on consumer automotive applications</u>.

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

<u>Austin Russell</u>          <u>45.7%</u>

CERTIFICATE OF RESOLUTIONS

December 14, 2025

The undersigned, Alexander Fishkin, Chief Legal Counsel of Luminar Technologies, Inc., a Delaware corporation (the "**Company**"), hereby certifies as follows:

A. I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B. Attached hereto as **<u>Exhibit A</u>** is a true, complete and correct copy of the Resolutions adopted by the Board of Directors of the Company in accordance with the Second Amended and Restated Certificate of Incorporation of the Company, as amended from time to time, and the Amended and Restated Bylaws of the Company; and

C. Such Resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

*/s/ Alexander Fishkin*
Alexander Fishkin
Chief Legal Officer

WEIL\100960723\4\50303.0003

**RESOLUTIONS ADOPTED
AT A MEETING OF
THE BOARD OF DIRECTORS OF
LUMINAR TECHNOLOGIES, INC.**

The directors of the board (the "<u>Board</u>") of Luminar Technologies, Inc. ("<u>Luminar</u>" or the "<u>Company</u>") do hereby adopt the following resolutions at a duly called Board meeting and authorize the taking of all actions contemplated hereby:

**WHEREAS**, the Board has had the opportunity to review and analyze the assets, liabilities, and liquidity of the Company and the strategic alternatives available to the Company and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to consider fully the strategic alternatives available to the Company;

**WHEREAS**, each entity listed on <u>Schedule A</u> hereto (together with the Company, the "<u>Companies</u>") has previously entered into, and certain of the Company's subsidiaries have guaranteed the performance under, that certain First Lien Indenture, dated as of August 8, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "<u>1L Indenture</u>"), by and among, *inter alios*, the Company, as the issuer, the Subsidiary Guarantors (as defined in the 1L Forbearance Agreement (as defined below)) and GLAS Trust Company LLC, as Trustee and Collateral Agent (in such capacities, the "<u>1L Trustee</u>");

**WHEREAS**, Luminar has previously entered into, and each of the Companies have guaranteed the performance under, that certain Second Lien Indenture, dated as of August 8, 2024 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "<u>2L Indenture</u>"), by and among, *inter alios*, the Company, as the issuer, the Subsidiary Guarantors and GLAS Trust Company LLC, as Trustee and Collateral Agent (in such capacities, the "<u>2L Trustee</u>"));

**WHEREAS**, the Company has secured its obligations under the 1L Indenture by providing the 1L Trustee with a first priority perfected lien in substantially all of its personal property;

**WHEREAS**, the Company has secured its obligations under the 2L Indenture by providing the 2L Trustee with a second priority perfected lien in substantially all of its personal property, subject to the Intercreditor Agreement (as defined in the 2L Forbearance Agreement (as defined below));

**WHEREAS**, the Company intends to enter into a First Lien Transaction Support and Forbearance Agreement, dated on or about the date hereof (the "<u>1L Forbearance Agreement</u>"), pursuant to which holders and beneficial owners of the Notes (as defined in the 1L Indenture) party thereto (collectively, the "<u>1L Holders</u>") pursuant to which the 1L Holders will, among other things, (i) forbear from exercising certain rights, remedies, powers, privileges and defenses under the 1L Indenture and the other Notes Documents (as defined in the 1L Indenture) (including, for the avoidance of doubt, the right to accelerate the obligations under the 1L Indenture), for the period of time set forth therein and subject to the terms and conditions thereof, with respect to certain Events of Default (as defined in the 1L Forbearance Agreement) and (ii) agree to implement certain amendments to the 1L Indenture;

**WHEREAS**, the Company intends to enter into a Second Lien Transaction Support and Forbearance Agreement, dated on or about the date hereof (the "<u>2L Forbearance Agreement</u>" and, together with the 1L Forbearance Agreement, the "<u>Forbearance Agreements</u>"), pursuant to which holders and beneficial owners of the Notes (as defined in the 2L Indenture) party thereto pursuant to which the 1L

Holders will, among other things, (i) forbear from exercising certain rights, remedies, powers, privileges and defenses under the 2L Indenture and the other Notes Documents (as defined in the 2L Indenture) (including, for the avoidance of doubt, the right to accelerate the obligations under the 2L Indenture), for the period of time set forth therein and subject to the terms and conditions thereof, with respect to certain Events of Default and (ii) agree to implement certain amendments to the 2L Indenture;

**WHEREAS**, it is a requirement under the Forbearance Agreements that the Company execute and deliver the Forbearance Agreements and perform its respective obligations thereunder;

**WHEREAS**, the Company will receive direct and indirect benefits as a result of the transactions contemplated by the Forbearance Agreements and it is, thus, in the best interest of the Company to execute and deliver the Forbearance Agreements and perform its respective obligations thereunder; and

**WHEREAS**, the Governing Body of the Company deems the Forbearance Agreements, the execution and delivery of the Forbearance Agreements, the performance by the Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of the Company.

**CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined that, in its respective business judgment, after consultation with management and the legal and financial advisors of the Company, it is desirable and in the best interests of the Company (including in consideration of its stakeholders) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**CHAPTER 11 FILING OF THE SUBSIDIARIES**

**RESOLVED FURTHER**, that, the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that, in connection with the Chapter 11 Case, it is desirable and in the best interests of the Company for LAZR Technologies, LLC and Luminar, LLC (the "Subsidiaries") to file a petition seeking relief under the provisions of the Bankruptcy Code (the "Subsidiary Chapter 11 Cases" and, together with the Chapter 11 Case, the "Chapter 11 Cases") and to negotiate, execute, deliver, and file all plans, petitions, schedules, motions, lists, applications, pleadings, and other documents in the Bankruptcy Court; and be it

**RESOLVED FURTHER**, that each officer of the Company, including the Company's Chief Restructuring Officer, acting singly or jointly, (an "Authorized Signatory" and collectively, the "Authorized Signatories"), be, and each hereby is, authorized, empowered, and directed to take and perform any and all action consistent with these resolutions that he or she deems necessary, proper, or advisable in order to carry out fully the intent and purposes of these resolutions in the Company's capacity as member, shareholder, or partner or the equivalent thereof, as the case may be, of each of the Subsidiaries, to cause such Subsidiaries to take and perform all of the actions on behalf of such Subsidiaries that an Authorized Signatory is herein authorized to take and perform on behalf of the Company.

2

**RETENTION OF PROFESSIONALS**

**RESOLVED FURTHER**, that in connection with the Chapter 11 Case, the Board has determined it is in the best interest of the Company that, each Authorized Signatory, acting singly or jointly, be, and they hereby are, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Signatory deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard); and be it

**RESOLVED FURTHER**, that the retention of the law firm of Weil, Gotshal & Manges LLP ("Weil"), as attorneys for the Company in the Chapter 11 Case pursuant to the engagement letter among the Company and Weil, is hereby ratified, authorized, and approved; and be it

**RESOLVED FURTHER,** that the retention of the firm of Triple P TRS, LLC ("PPP"), as restructuring advisor and to provide interim management services for the Company in the Chapter 11 Case pursuant to the engagement letter among the Company and PPP, is hereby ratified, authorized, and approved; and be it

**RESOLVED FURTHER**, that the retention of the firm of Jefferies LLC ("Jefferies"), as investment banker for the Company in the Chapter 11 Case, pursuant to the engagement letter among the Company (on behalf of its present and future subsidiaries and any entity used thereby to facilitate the transactions contemplated thereby), Jefferies, and Weil, is hereby ratified, authorized, and approved; and be it

**RESOLVED FURTHER**, that the retention of Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent in the Chapter 11 Case, pursuant to the engagement letter among Omni and Luminar, is hereby ratified, authorized, and approved.

**FORBEARANCE AGREEMENTS**

**RESOLVED FURTHER**, that the requisite members of the board of directors of the Company (the "Governing Body") deems the Forbearance Agreements, the execution and delivery of the Forbearance Agreements, the performance by the Company of its obligations thereunder, and the transactions contemplated thereby to be desirable, advisable and in the best interests of the Company; and be it

**RESOLVED FURTHER**, that each Authorized Signatory, be, and each hereby is, authorized, empowered, and directed to take and perform any and all action consistent with these resolutions that he or she deems necessary, proper, or advisable in order to carry out fully the intent and purposes of these resolutions in the Company's capacity as member, shareholder, or partner or the equivalent thereof, as the case may be, of each of the Subsidiaries, to cause such Subsidiaries to take and perform all of the actions on behalf of such Subsidiaries that an Authorized Signatory is herein authorized to take and perform on behalf of the Company; and be it

**RESOLVED FURTHER**, that the execution and delivery of the Forbearance Agreements by the Company and the consummation by the Company of the transactions contemplated thereunder, including (i) the continuing grant of a security interest in and liens upon, mortgage, collateral assignment, hypothecation or pledge of substantially all of the Company's assets, whether now owned or hereafter acquired, in favor of the 1L Trustee or 2L Trustee, as applicable, and (ii) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the Forbearance Agreements or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the Forbearance Agreements or otherwise related thereto, including

3

the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that each Authorized Signatory, who may act without the joinder of any other Authorized Signatory, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the Forbearance Agreements to which the Company is a party to, with such changes therein and additions thereto as any such Authorized Signatory, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Forbearances Agreements with any changes thereto by the relevant Authorized Signatory, to be conclusive evidence that such Authorized Signatory deemed such changes to meet such standard; and be it

**RESOLVED FURTHER**, that the signature of any Authorized Signatory of the Company to the Forbearance Agreements shall be conclusive evidence of the authority of such Authorized Signatory to execute and deliver the Forbearance Agreements to which the Company; and be it

**RESOLVED FURTHER**, that each Authorized Signatory of the Company, who may act without the joinder of any other Authorized Signatory, be, and hereby is, severally authorized, in the name of and on behalf of the Company, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument or document (including any mortgage, financing statement and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the Forbearance Agreements, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes and other amounts incurred by the Company) as any such Authorized Signatory, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard) in order to effect the transactions contemplated under the Forbearance Agreements, and all acts of any such Authorized Signatory taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects; and be it

**RESOLVED FURTHER**, that each Authorized Signatory of the Company, who may act without the joinder of any other Authorized Signatory, be, and hereby is, severally authorized, in the name and on behalf of the Company, to prepare any amendment, waiver and/or consent under the Forbearance Agreements as may be necessary, advisable or appropriate at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the Forbearance Agreements and may require consent payments, fees or other amounts payable in connection therewith, and that each Authorized Signatory of the Company be, and hereby is, authorized, in the name and on behalf of the Company, to execute and deliver such amendments, waivers or consents under the Forbearance Agreements to which the Company is a party as such Authorized Signatory shall deem to be necessary, advisable or appropriate, such execution and delivery by such Authorized Signatory to constitute conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and be it

**RESOLVED FURTHER**, that any person dealing with any Authorized Signatory of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with their terms; and be it

**RESOLVED FURTHER**, that all acts and deeds of any Authorized Signatory or any other officer or attorney acting on behalf of the Company taken prior to the date hereof to carry out the intent and accomplish the purposes of the foregoing resolutions are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company, including, for the avoidance of doubt, entry into any prior forbearance agreements.

4

**GENERAL AUTHORIZING RESOLUTION**

**RESOLVED FURTHER**, that any Authorized Signatory acting alone or with one or more other Authorized Signatories be, and each hereby is, authorized, empowered, and directed to take and perform, with full power of delegation, any and all action(s) consistent with these resolutions that he or she deems necessary, advisable, desirable, or appropriate in connection with Forbearance Agreements, the Chapter 11 Cases or Chapter 11 Filings (as defined below), including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Signatory deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, performing, and filing any and all petitions, documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) (the "Chapter 11 Filings") in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Cases and engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Signatory deemed the same to meet such standard); and be it

**RESOLVED FURTHER**, that any Authorized Signatory, acting alone or with one or more other Authorized Signatory be, and hereby is, authorized, empowered, and directed to take and perform any and all action consistent with these resolutions that they deem necessary, proper, or advisable in order to carry out fully the intent and purposes of these resolutions; and be it

**RESOLVED FURTHER**, that any and all actions done or approved, or caused to be done or approved, by any Authorized Signatory of the Company, in each case, only to the extent consistent with these resolutions or to otherwise carry out the intent of these resolutions, be, and hereby are, approved, ratified, adopted and confirmed in all respects as fully as if such actions had been presented to and approved by the Board prior to such actions being taken; and be it

**RESOLVED FURTHER**, that any Authorized Signatory be, and each of them individually is, authorized and empowered to certify and furnish copies of these resolutions and such statements as to the incumbency of such officers, under corporate seal if necessary, as may be requested, and any person receiving such a certified copy is and shall be authorized to rely upon the contents thereof; and be it

**RESOLVED FURTHER**, that the Authorized Signatories be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to take and perform such actions as each may deem necessary or advisable to carry out the purpose and intent of these resolutions and to comply with the rules and regulations of the Securities and Exchange Commission and/or Nasdaq.

## SCHEDULE A

| Company Name |
| --- |
| 1. Luminar Semiconductor, Inc. |
| 2. EMFOUR Acquisition Co., LLC |
| 3. EM4, LLC |
| 4. OptoGration, Inc. |
| 5. Freedom Photonics, LLC |

| Fill in this information to identify the case: |
| --- |

Debtor name: <u>Luminar Technologies, Inc.</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): <u>25-_____ (   )</u>

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                     12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   U.S. Bank National Association Attn.:  Bradley E. Scarbrough 633 West 5th Street, 24th Floor Los Angeles, California 90071 | Attn.:  Bradley E. Scarbrough Phone: (213) 615-6047 Email: bradley.scarbrough@usbank.com | 1.25% Convertible Senior Notes due 2026 | | | | $134,883,000.00 |
| 2   Celestica LLC Attn.:  Liza Castillo 11 Continental Boulevard Merrimack, New Hampshire 03054-4341 | Attn.:  Liza Castillo Email: lizacastillo@celestica.com | Lease Obligations | Unliquidated Disputed | | | $43,885,475.22 |
| 3   Scale AI, Inc. Attn.:  Eloise Cagas 303 2nd Street, 5th Floor San Francisco, California 94107-1366 | Attn.:  Eloise Cagas Email: eloise.cagas@scale.com | Software | | | | $10,650,000.00 |
| 4   Fujian Hitronics Technologies, Inc. Attn.:  Donny Li No. 1-1 Nanbian Road, Minhou Fuzhou, China 350100 | Attn.:  Donny Li Phone: (408) 791-6352 Email: donny.li@hi-tronics.com | Trade Goods | | | | $2,536,942.00 |
| 5   Applied Intuition, Inc. Attn.:  Greg Granito 145 E Dana Street Mountain View, California 94041-1507 | Attn.:  Greg Granito Phone: (508) 523-3786 Email: greg@applied.com | Software | | | | $1,175,000.00 |
| 6   Fabrinet Co Ltd Attn.:  Harpal S. Gill 4900 Patrick Henry Drive Santa Clara, California 95054 | Attn.:  Harpal S. Gill Phone: (609) 815-4795 Email: harpalg@fabrinet.co.th | Trade Goods | | | | $1,081,460.21 |
| 7   P3 USA, Inc. Attn.:  Breanne Mason One N Main St, 4th Floor Greenville, South Carolina 29601-2770 | Attn.:  Breanne Mason Email: breanne.mason@p3-group.com | Software | | | | $997,699.61 |
| 8   Optera TPK Holding Pte. Ltd. Attn.:  Dana Lu 80 Robinson Road, #02-00 Singapore 068898 | Attn.:  Dana Lu Phone: + (86) 592-573-8999 Email: dana.lu@tpk.com | Trade Goods | | | | $759,742.70 |

| Debtor | Luminar Technologies, Inc. | | | Case number (if known) | 25-_____ ( ) |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | CSC Advisory FZ LLE<br>Attn.: Murtaza Ahmed<br>City Gate (Bin Ham) Building, Port Saeed<br>Office 1309, 13th Floor<br>Abu Dhabi | Attn.: Murtaza Ahmed<br>Phone: + (971) 585-368-212<br>Email: murtaza@chilternstreet.capital | Professional Services | | | | $666,000.00 |
| 10 | TPK Precision Hong Kong Co., Ltd.<br>Attn.: Kevin Tsai<br>Units 610-611, 6/F, Tower 2<br>Lippo Centre, 89 Queensway<br>Admiralty, Hong Kong<br>China | Attn.: Kevin Tsai<br>Phone: + (86) 592-573-8999<br>Email: kevin.tsai@tpk.com | Trade Goods | | | | $513,946.37 |
| 11 | Workday, Inc.<br>Attn.: Garrett Cox<br>6110 Stoneridge Mall Road<br>Pleasanton, California 94588-3211 | Attn.: Garrett Cox<br>Email: garrett.cox@workday.com | Software | | | | $411,025.00 |
| 12 | Orrick, Herrington & Sutcliffe LLP<br>Attn.: Dan Kim<br>2121 Main Street<br>Wheeling, West Virginia 26003-2809 | Attn.: Dan Kim<br>Phone: (304) 231-2704<br>Email: dan.kim@orrick.com | Professional Services | | | | $407,148.05 |
| 13 | Steer Tech LLC<br>Attn.: Anuja Sonalker<br>10840 Guilford Road, Suite 401-402<br>Annapolis Junction, Maryland 20701-1121 | Attn.: Anuja Sonalker<br>Phone: (240) 787-8000<br>Email: anuja@steer-tech.com | Equipment | | | | $303,036.45 |
| 14 | Vector North America, Inc.<br>Attn.: Elizabeth Abbott<br>39500 Orchard Hill Place, Suite 400<br>Novi, Michigan 48375-5371 | Attn.: Elizabeth Abbott<br>Email: elizabeth.abbott@vector.com | Software | | | | $288,675.55 |
| 15 | Oracle America, Inc.<br>Attn.: Taylor Cleaves<br>500 Oracle Parkway<br>Redwood City, California 94065-1677 | Attn.: Taylor Cleaves<br>Phone: (339) 236-0172<br>Email: taylor.cleaves@oracle.com | Software | | | | $249,767.86 |
| 16 | Daedalus Tech<br>Attn.: Brenno Caldato<br>Padre Joao Quadra Street 15-81<br>São Paolo, Brazil 17012-020 | Attn.: Brenno Caldato<br>Email: sales@daedalustech.com<br>        brenno.caldato@dt-labs.ai | Supplemental Workforce | | | | $234,455.04 |
| 17 | B9 McLeod Owner LLC<br>Attn.: Legal Department<br>233 S Wacker Drive, Suite 4700<br>Chicago, Illinois 60606-6332 | Attn.: Legal Department | Facilities | | | | $217,091.00 |
| 18 | Corning Auto Glass Solutions LLC<br>Attn.: Rebecca Flint<br>One Riverfront Plaza<br>Corning, New York 14830-2556 | Attn.: Rebecca Flint<br>Phone: (607) 542-2709<br>Email: flintr@corning.com | Trade Goods | | | | $213,894.00 |
| 19 | McDermott Will & Emery LLP<br>Attn.: Ahsan Shaikh<br>444 West Lake Street<br>Chicago, Illinois 60606-0029 | Attn.: Ahsan Shaikh<br>Phone: (312) 984-7750<br>Email: ashaikh@mwe.com | Professional Services | Disputed | | | $177,017.33 |

| Debtor | Luminar Technologies, Inc. | Case number (if known) | 25-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | UnitedHealthcare Insurance Company Attn.: Legal Department 9900 Bren Road E Minnetonka, Minnesota 55343 | Attn.: Legal Department Email: Employer_eServices@uhc.com | Health Insurance | | | | $157,116.94 |
| 21 | Alidade Discovery Lakes II, LLC Attn.: Matt Roslin 40900 Woodward Avenue, Suite 250 Bloomfield Hills, Michigan 48304-5119 | Attn.: Matt Roslin Email: roslin@alidadecapital.com | Facilities | | | | $155,761.80 |
| 22 | Marsh USA Inc. Attn.: Scot Sterenberg 4 Embarcadero, Suite 1100 San Francisco, California 94111 | Attn.: Scot Sterenberg Email: scot.sterenberg@marsh.com | Insurance | | | | $121,761.70 |
| 23 | Workiva, Inc. Attn.: Courtney Shipton 2900 University Boulevard Ames, Iowa 50010-8665 | Attn.: Courtney Shipton Phone: (724) 831-6757 Email: courtney.shipton@workiva.com | Software | | | | $118,961.29 |
| 24 | Squeaky Trees LLC Attn.: Kimberly Kryger P.O. Box 99 Beaver Island, Michigan 49782-0099 | Attn.: Kimberly Kryger Phone: (678) 372-9167 Email: kim@squeakytrees.com | Professional Services | | | | $100,557.60 |
| 25 | PTC Inc. Attn.: Sorin Radulescu 121 Seaport Boulevard, Suite 1700 Boston, Massachusetts 02210-2050 | Attn.: Sorin Radulescu Email: sradulescu@ptc.com | Software | | | | $97,844.14 |
| 26 | The Volvo Store Attn.: David Bokai-Lukinich 1051 W Webster Avenue, Winter Park Orlando, Florida 32789-0000 | Attn.: David Bokai-Lukinich Email: dbokai@thevolvocarstore.com | Property and Equipment | | | | $92,175.00 |
| 27 | Velocity Global, LLC d/b/a Pebl Attn.: Kelsey Garton 3858 Walnut Street, Suite 107 Denver, Colorado 80205-3463 | Attn.: Kelsey Garton Email: kelseygarton@hellopebl.com | Supplemental Workforce | | | | $85,421.88 |
| 28 | Tata Consultancy Services Limited Attn.: Rahulh Nair 9th Floor, Nirmal Building, Nariman Point, Maharashtra 400 021 India | Attn.: Rahulh Nair Email: rahulh.nair@tcs.com | Professional Services | | | | $78,225.00 |
| 29 | PwC US Business Advisory LLP Attn.: Kevin C. Jackson 4040 W. Boy Scout Boulevard Tampa, Florida 33607-5750 | Attn.: Kevin C. Jackson Email: kevin.c.jackson@pwc.com | Professional Services | | | | $78,000.00 |
| 30 | Austin Circuit Design Attn.: Sabrina Nottingham 2908 National Drive, Suite 100 Garland, Texas 75041-2337 | Attn.: Sabrina Nottingham Email: sabrina.nottingham@austincircuit.com | Engineering Services | | | | $76,348.55 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                              |   |              |
|------------------------------|---|--------------|
|                              | § |              |
| In re:                       | § | Chapter 11   |
|                              | § |              |
| LUMINAR TECHNOLOGIES, INC.,  | § | Case No. 25-_____  (   ) |
|                              | § |              |
| Debtor.                      | § |              |
|                              | § |              |

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
### PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Luminar Technologies, Inc. ("**Luminar**") and its debtor subsidiaries (each, a "**Debtor**" and collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

Equity ownership of Luminar is represented by Class A Common Stock and Class B Common Stock. The Vanguard Group holds 6.16% of the Class A Common Stock. Austin Russell holds 100% of the Class B Common Stock.

Luminar holds 100% of the equity of (i) LAZR Technologies, LLC and (ii) Luminar, LLC.

**Exhibit A**

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **LUMINAR TECHNOLOGIES, INC.,** | § § § | **Case No. 25-_____ (   )** |
| **Debtor.** | § | |

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒  The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Austin Russell (Director)<br><br>*Address on File* | Class B Common Stock | 100% |
| The Vanguard Group<br>100 Vanguard Boulevard<br>Malvern, Pennsylvania 19355 | Class A Common Stock | 6.16% |

---

[1]  By the *Emergency Motion of Debtors for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personally Identifiable Information; (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information; and (III) Modifying Requirements to File a List of Equity Security Holders* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of equity security holders.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name: <u>Luminar Technologies, Inc.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the <u>Southern District of Texas</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>):    <u>25-_____ ( )</u></td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>December 15, 2025</u>    **X**   <u>/s/ Robin Chiu</u>
        MM/DD/YYYY            Signature of individual signing on behalf of debtor

                                      <u>Robin Chiu</u>
                                        Printed name

                                      <u>Chief Restructuring Officer</u>
                                        Position or relationship to debtor